262 So.2d 636

**Osbie BAILEY**

**v.**

**STATE.**

**1 Div. 246, 247 and 248.**

Court of Criminal Appeals of Alabama.

March 28, 1972.

Rehearing Denied May 16, 1972.

J. Calvin Clay, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

TYSON, Judge.

These appeals involve three indictments, each charging the appellant with robbery.

To each of these the appellant entered pleas of not guilty, accompanied by counsel, on March 2, 1971, and the cause thereafter was continued for trial until May 18, 1971. On trial date, the appellant, through his attorney, advised the court that he wished to change each of his pleas to guilty. The court then made due inquiry and found that the appellant was twenty-eight years of age, had gone through the tenth grade in school, could read and write, and then allowed the appellant additional time to confer with his attorney before advising with the court. The appellant had advised the court that he was "hard of hearing sometimes."

The sole issue presented by these three appeals is whether or not the appellant's three pleas of guilty were voluntarily and understandingly entered. From the record we find the following:

"THE COURT: Have you had enough time to talk with your lawyer about these cases this morning?

"DEFENDANT: Yes, I have.

"THE COURT: Do you want to talk to him any further?

"DEFENDANT: No, sir.

"THE COURT: Do you understand that he's stated to the Court that you want to plead guilty to all three of these robbery charges at this time?

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand that the State has recommended that you be given the minimum of ten years in each of these robbery cases, that's the minimum punishment? Do you know that's the minimum punishment for a robbery charge or conviction, ten years?

"DEFENDANT: Yes, sir.

"THE COURT: And that with three charges it would be—if the minimum were given to you, you would be given thirty years in the penitentiary, do you understand that?

"DEFENDANT: Yes, sir.

"THE COURT: And that that has been recommended by the State that you get thirty years, do you understand that?

"DEFENDANT: Yes, sir.

"THE COURT: Do you understand that only the Court can actually determine what you're to get, it's the court's decision?

"DEFENDANT: Yes, sir.

"THE COURT: Now when you plead guilty, you waive your right to a jury trial, you know that?

"DEFENDANT: Yes, sir.

"THE COURT: You waive your right to have the people who accuse you of these robbery charges, the right to be confronted by them; you waive your right to what we call self-incrimination, you incriminate yourself whenever you plead guilty.

"DEFENDANT: Yes, sir.

"THE COURT: Did anyone threaten you to plead guilty in these cases?

"DEFENDANT: No, sir.

"THE COURT: Did anyone offer you a reward to plead guilty?

"DEFENDANT: No, sir.

"THE COURT: Do you want to change your pleas of not guilty to guilty in each one of these robbery cases?

"DEFENDANT: No, sir.

"THE COURT: No, I don't know if you understand my question. Do you want to change your plea to guilty in each one of these cases?

"DEFENDANT: To guilty, yes, sir.

"THE COURT: Guilty? All right now, the Court needs to know the answer to this question, are you pleading guilty because you believe you're guilty or is there some other reason?

"DEFENDANT: Because I believe I'm guilty.

. . . . .

"THE COURT: And you stated to the Court that you robbed them three times?

"DEFENDANT: Yes, sir.

"THE COURT: The Court has determined that you voluntarily and intelligently waived your right to a jury trial and that you voluntarily and intelligently changed your plea of not guilty to guilty in each one of these three charges. Do you have anything to say before the Court imposes sentence upon you on your guilty pleas?

"DEFENDANT: No, sir.

"THE COURT: All right, on your

. . . . . . .

"MR. PALUGHI: Judge, I'd like to say this on behalf of the Defendant, he has no prior record, this is his first breach with the law.

"MR. GRADDICK: And that is, Your Honor, why we've recommended the minimum sentence in each case.

"THE COURT: All right, on your plea of guilty to Case No. 24036, charge of robbery, the Court finds you guilty and the Court sentences you to ten years in the state penitentiary. On your plea of guilty to the case of 24035, the charge of robbery, the Court finds you guilty of robbery and sentences you to ten years in the state penitentiary to run consecutively with the sentence in Case No. 24036. In the case of 24034, on your plea of guilty to robbery as charged in the indictment, the Court finds you guilty of robbery and I sentence you to ten years in the state penitentiary to run consecutively with the sentences in the other two cases of 24036 and 24035.

"MR. PALUGHI: Thank you Judge."

We have carefully considered the record in each of these three cases and the three pleas of guilty as entered therein, and find

each of them to be voluntarily, intelligently, and understandingly entered after ample opportunity to confer with counsel. The standards of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, were here carefully observed by the trial judge.

These three judgments are therefore due to be and the same are hereby affirmed.

Affirmed.

PRICE, P. J., and CATES and ALMON, JJ., concur.