

PER CURIAM:

Jenkins appeals from the denial of federal habeas relief. The trial court held that the sole issue raised below (and the sole issue on this appeal), the sufficiency vel non of the evidence at appellant's state trial for murder as to his sanity at the time the offense was committed, did not present grounds for federal habeas relief for denial of due process. We agree.

There was competent evidence presented at the trial to substantiate the jury verdict. An issue of the sufficiency of the evidence raised by conflicting testimony supporting a state conviction does not present a due process question. See Colbroth v. Wainwright, 5 Cir. 1972, 466 F.2d 1193; Young v. Alabama, 5 Cir. 1971, 443 F.2d 854; Pleas v. Wainwright, 5 Cir. 1971, 441 F.2d 56; Summerville v. Cook, 5 Cir. 1971, 438 F.2d 1196. Cf. Mims v. United States, 5 Cir. 1967, 375 F.2d 135.

Affirmed.

William J. Baxley, Atty. Gen., Otis J. Goodwyn, Jr., Asst. Atty. Gen., Montgomery, Ala., for respondent-appellant.

Wilson M. Hawkins, Jr., Mobile, Ala. (Court-appointed), for petitioner-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

**Osbie BAILEY, Petitioner-Appellee,**

v.

**D. M. VAN CLEVE, Warden, Atmore Prison Farm, Respondent-Appellant.**

**No. 73-2348**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1973.

PER CURIAM:

The district court in this habeas corpus case granted the petition and set aside Osbie Bailey's three Alabama robbery convictions and ordered a new trial. The basis for this action was its determination that Bailey's attorney and the prosecutor jointly coerced him into entering his guilty pleas. Such a determination depends upon evidence not in the record of the state court guilty plea proceedings. Nothing in the record before us discloses that this evidence has ever been presented to the Alabama courts. Bailey appealed his conviction to the Alabama Court of Criminal Appeals arguing that his guilty pleas were not "understandingly and voluntarily" entered, but that court's opinion indicates that his appeal was based solely on the record of the lower court proceedings. See

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 5th Cir. 1970, 431 F.2d 409, Part I.

**138**

Bailey v. Alabama, 48 Ala.App. 149, 262 So.2d 636 (1972). The Attorney General of Alabama has represented in his brief before this court that the collateral remedy of coram nobis is presently available to Bailey in state court. We agree. Therefore, under 28 U.S.C. § 2254(b) we must reverse the district court's decision and remand this case for Bailey to present his de hors the record claim to the state courts of Alabama without prejudice to his right to return to federal court if his exhaustion of existing state remedies does not afford the relief he seeks.

Vacated and remanded.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ed SULLIVAN, Jr., and Kim Sullivan,**
**Defendants-Appellants.**

No. 73-2769

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1973.

Joseph S. Chagra, Lee A. Chagra, El Paso, Tex., for defendants-appellants.

William Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Defendants were convicted for knowingly and intentionally conspiring to import marijuana from Mexico into the United States. 21 U.S.C.A. § 963. On appeal, they challenge the legality of a search which produced the incriminating marijuana. Defendants, however, lack standing to object to the evidence as the product of an illegal search.

[T]here is no standing to contest a search and seizure where, as here, the defendants: (a) were not on the premises at the time of the contested search and seizure; (b) alleged no proprietary or possessory interest in the premises; and (c) were not charged with an offense that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure.

Brown v. United States, 411 U.S. 223, 229, 93 S.Ct. 1565, 1569, 36 L.Ed.2d 208 (1973).

The search in this case was of a van which the defendants neither owned nor possessed at the time of the search.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.